JOSEPH CONTRAS, RELATOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., DEFENDANTS.

Submitted January 29, 1926—Decided May 4, 1926—Filed July 23, 1926.

Zoning—Garage in Residence District—Facts Not Fully Disclosed —A Peremptory Writ Under Max v. ·Saul Should be Denied, but an Alternative Writ May be Allowed to Enable a Fuller State of Facts to be Brought Before This Court.

On rule to show cause.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *John Milton.*

For the defendants, *Thomas J. Brogan* (*Charles Hershenstein,* of counsel).

PER CURIAM.

This is a proceeding in *mandamus.*   It is before this court upon a rule to show cause why the respondents should not issue to·the relator a permit for the erection of a one-story fireproof public garage upon premises owned by the relator in the city of Jersey City.   Under the rule, depositions were taken.   These depositions show that the relator owns three lots, Nos. 62, 64 and 66, St. Pauls avenue in the city of Jersey City.   Upon 64 there is at present erected a frame shed used as a combination garage and stable for the storage

of trucks and the shelter of horses which the relator uses in a general moving business. On August 3d, 1925, the relator made application for the erection of a one-story fireproof public garage upon the three lots. The lots have a frontage of seventy-five feet on St. Pauls avenue and a depth of one hundred feet. The proposed garage would cover the entire plot of land. The proofs show that it was intended to accommodate sixty-five cars. There would be stored upon the premises gasoline, oil and other accessories incidental to its use as a public garage.

The depositions further show that in the neighborhood in which the proposed garage is to be located there are numerous apartment-houses. On one side the proposed garage would adjoin a nine-family house. On the other side it would be within six or seven feet of a three-family dwelling-house. In the immediate neighborhood there are some eighty-six families housed in apartments.

The superintendent of buildings, the zoning commission of Jersey City and the board of commissioners each refused to issue to the relator a building permit. They based their refusal upon a zoning ordinance of the city of Jersey City which, under the provisions, the second section thereof makes the district in which the relator's lots are located a residential district, and prohibits the erection of a public garage, and a private garage, any part of which shall be nearer than ten feet to any public building used for living purposes.

From the depositions taken it would appear that in the vicinity of the relator's lots there are buildings devoted to commercial purposes. A large number of the apartment buildings within the vicinity of the relator's lots are of frame construction. The respondents not only contend that the permit was refused properly upon the ground that the section had been zoned as a residential section, but upon the further ground that in the interest of public safety a public garage located in the immediate proximity of apartment-houses of the construction which exists in this section should be prohibited.

:.The same ordinance was before this court for consideration in the case of *Max* v. *Saul,* 3 *N. J. Mis. R.* 265. In this case a writ of *mandamus* was denied because the court considered that the prohibition in question relative to the building of a garage was within the police power of the city in conserving the health, safety and general welfare of the community. The relator relies upon the cases of *Reimer* v. *Dallas,* 3 *N. J. Adv. R.* 1302, and *Williams* v. *Gage,* 3 *N. J. Mis. R.* 1099.; Neither of these cases deal with the ordinance relied upon in the present case. The facts in these cases also distinguish them from the present case.

We have therefore reached the conclusion that a peremptory writ of *mandamus* should, under the authority of *Max* v. *Saul, supra,* be denied. But as the facts relative to the present application have not been as fully disclosed in the depositions as we think they should be, we have decided to grant to the relator an alternative writ of *mandamus* so that upon a fuller state of facts his application may be, if he so desires, brought again before this court.